UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AFFILIATES, Inc.; HUMAN SERVICE CONNECTION, Inc.; H.A.S., Inc., ALTERNATIVE NURSING SERVICES, Inc.; A WAY THROUGH COUNSELING CENTER, Inc.; CENTRAL IDAHO AFFILIATES, Inc.; DUNSTAN HALL & ASSOCIATES, Inc.; PROVIDER AFFILIATE AGENCY, Inc.; ROBINSON & AFFILIATES, Inc.; SCOTT COMMUNITY CARE, PLLC; TOMORROW'S HOPE SATELLITE SERVICES, Inc.; WILLIAMS & URALDE, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD ARMSTRONG and LESLIE CLEMENT, in their official capacities, <br><br> Defendants. | Case No. 1:09-CV-00149-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Dkt. 57). The matter is fully briefed and at issue. The Court has determined that oral argument will not materially contribute to the decisional process. Being familiar with the parties' briefing and the record in this case, the Court will deny the motion for reasons set forth below.

## BACKGROUND

Plaintiffs in Affiliates v. Armstrong are providers of Residential Habilitation Affiliation services who contract with the State of Idaho and its Medicaid program. *Complaint*, ¶ 1, Dkt. 1-4. Plaintiffs work with Certified Family Home providers in the state of Idaho to provide developmentally disabled individuals the Medicaid-covered service referred to in Idaho regulations as "affiliation." *Id.* "Affiliation" includes provision of "oversight, training, and quality assurance to the certified home provider," IDAPA 16.03.10.705.01, as well as development and execution of plans describing the services provided by the provider to the Medicaid participant. *Scott Dec.*, ¶ 11, (Case No. 1:11-cv-00307) Dkt. 2-2.

In 2009, the Idaho Department of Health and Welfare (IDHW) proposed modifications to the rate structure and rates paid to the Affiliates Plaintiffs through Medicaid. *Id.* Plaintiffs filed suit against Richard Armstrong as Director of IDHW, and Leslie Clement, as Administrator of the Medicaid Division of IDHW. *Id.* ¶ 3. Plaintiffs sought a temporary restraining order, asserting that the proposed changes were preempted by federal law and prohibited by Idaho law. *Id.* ¶ 1. The Honorable Justin L. Quackenbush, sitting by designation for the District of Idaho, issued an order on April 30, 2009, granting the Temporary Restraining Order. *Order*, Dkt. 17.

The parties entered stipulated preliminary injunctions on May 27, 2009 and June 25, 2009 (Dkts. 27, 28). Defendants then filed a Motion for Permanent Injunction and Judgment (Dkt. 30). Plaintiffs stipulated to entry of a permanent injunction, but asserted

that final judgment was premature. On January 22, 2010, the Honorable William F. Downes, sitting by designation for the District of Idaho, issued an order granting in part, and denying in part, Defendants' motion. *Order*, Dkt. 45.

Judge Downes agreed with Defendants that the Eleventh Amendment bars claims potentially resulting in retrospective relief, but agreed with Plaintiffs that exhaustion was inapplicable. *Id.* at 8, 11. The Court permitted Plaintiffs to amend the Complaint "to include claims challenging the current rate established in 2003," and thus found that entry of final judgment was inappropriate. *Id.* at 11.

In 2010 and 2011, the Idaho Legislature directed the IDHW's Division of Medicaid to implement selective contracts in order to "provide the appropriate incentives" and improve the system of payment for health care delivery, "with the objective of moving toward an accountable health care system that results in improved health outcomes." 2011 Idaho Sess. Laws ch. 160 § 12 (codified at Idaho Code § 56-261(1)). The IDHW sought proposals in February 2011, for a single contractor to provide all program coordination services in Certified Family Homes. *Dunagan Dec.*, Dkt. 61-2, ¶ 7. On June 3, 2011, the IDHW contracted with Community Partnerships of Idaho to be the sole provider of program coordination in Certified Family Homes. Ex. 2 to *Dunagan Dec.*, Dkt. 61-4. The IDHW informed the Plaintiffs on June 10, 2011, that its contract with Community Partnerships of Idaho would take effect August 5, 2011. *Dunagan Dec.*, Ex. 3, Dkt. 61-5.

On July 4, 2011, Plaintiffs moved to amend its preliminary injunction to prevent the IDHW from implementing the selective contract on August 5. The Court heard from counsel on an expedited basis, and issued an order August 4, 2011, granting Plaintiffs' amended preliminary injunction.[1] *Memorandum Decision & Order*, Dkt. 69.

On May 11, 2011, before the deadline to amend the pleadings (*see Case Management Order*, Dkt. 56), and before filing its motion to amend the preliminary injunction, Plaintiffs filed this motion for leave to file a second amended complaint. *Motion*, Dkt. 57.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Where a complaint has been amended once, a party may amend the complaint only with the written consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). Despite the Rule 15's liberal amendment policy, a "district court's discretion to deny leave to amend is particularly broad where a plaintiff has previously amended the complaint." *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *see Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009)(policy favoring leave to amend should be applied "with extreme liberality"). The court evaluates whether to permit amendment by determining the presence of any of the following factors: bad faith, undue delay, futility, and prejudice to the opposing party. *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (other citations omitted).

---

[1] The motion was heard in conjunction with a Motion for Preliminary Injunction in Knapp et al. v. Armstrong, et al., Case No. 1:11-cv-00307-BLW, related to this matter.

# ANALYSIS

Plaintiffs move to amend their complaint to add a claim – under 42 U.S.C. § 1983 and the First Amendment – of unlawful retaliation for bringing this lawsuit, through the IDHW's pursuit of its selective contract without prior approval from CMS. Plaintiffs also seek to remove co-Plaintiff Dunstan Hall & Associates, as that entity no longer exists. Although Plaintiffs' motion is timely – having been filed before the deadline to amend the pleadings – Plaintiffs must still demonstrate that leave to file this second amended complaint is warranted in the circumstances.

Considering the factors identified in *Serra v. Lapin*, cited above, the Court first examines whether Plaintiffs' motion was brought in bad faith. 600 F.3d at 1200. Defendants contend that Plaintiffs have filed their motion solely to protract litigation. The Court finds Defendants' argument unsupported by the record. Although the litigation has been protracted, the record does not suggest that Plaintiff has acted with the intent to delay a final resolution of their claims.

Next, the Court considers undue delay. Plaintiffs filed their motion before the Court's deadline to amend pleadings. *Case Management Order*, Dkt. 56. However, the motion was also filed a month and a half before the discovery cut-off. *Id.* Notably, Judge Downes' order permitting amendment specified that Plaintiffs could add claims "challenging the [reimbursement] rate established in 2003." Dkt. 45 at 11. Nowhere did the Court contemplate a retaliation claim, which would require significant additional

discovery. The timing of Plaintiffs' motion to amend, as proposed, weighs in favor of denying leave to amend

In arguing that Plaintiffs' motion should be denied, Defendants focus on the element of futility. According to Defendants, there are no set of facts which can be presented in support of the claims which Plaintiffs seek to add to their complaint. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In support, Defendants note that the IDHW has been legislatively directed to pursue selective contracting, thus it is "absurd" to assert that the IDHW's recent contract with Community Partnerships of Idaho was brought on by Plaintiffs' legal action. *Def. Resp.*, Dkt. 59 at 7. Plaintiffs argue that Defendants' futility arguments simply identify disputed factual issues for which no discovery has been done. The Court agrees; Defendants have not shown that Plaintiffs' proposed allegations would be futile.

Regarding prejudice to Defendants, the Court again considers the timing of Plaintiffs' motion, the posture of litigation, and the impact of the delay that would be caused by the need for further discovery. This matter has been pending for more than two years – since April 2009. The Ninth Circuit has held that a motion to amend was properly denied where filed at the end of discovery. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Also, although in the context of joinder under Rule 19(b), the courts have highlighted the interest of the courts and the public in "complete, consistent, and efficient settlement of controversies." *Paiute-Shoshone Indians of Bishop Comm'ty of Bishop Colony, Cal. V. City of Los Angeles*, 637

F.3d 993, 1000 (9th Cir. 2011) (quoting *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968)).

The underlying purpose of Rule 15(a) is "to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re* Morris, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001)). Where – as here – an amended complaint asserts new legal theories, leave to amend does not advance Rule 15(a)'s purpose. The added claims delay the litigation by necessitating additional discovery, but do nothing to facilitate resolution of the original claims on the merits.

Rule 15(d) allows supplementation of a complaint by adding causes of action related to events that have happened since the original complaint was filed. *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). Given that Plaintiffs seek to allege retaliation by the IDHW, due to Plaintiffs' pursuit of this action, leave to supplement under Rule 15(d) seems more appropriate. The goal of Rule 15(d) is to promote judicial efficiency. *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). This goal is not satisfied where leave to supplement would require significant delays.

The Ninth Circuit has held that leave to supplement a pleading "cannot be used to introduce a separate, distinct, and new cause of action." *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (quoting *Berssenbrugge v. Luce Mfg. Co.*, 30 F.Supp. 101, 102 (D. Mo. 1939); and citing 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*: Civil 2D § 1509 (1990)). The absence of "'technical obstacles' to plaintiffs [in] bringing a new, separate action,"

weighs against allowing supplementation under Rule 15(d). The Eleventh Circuit has affirmed the denial of leave to amend under Rule 15(a) where plaintiffs could have brought their claims, asserting new legal theories, in another lawsuit. *Cason v. Seckinger*, 231 F.3d 777, 787 (11th Cir. 2000); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

The Ninth Circuit has found a lack of prejudice where the nonmoving party "fail[ed] to point to any specific shortcomings in discovery presented by [the proposed] new . . . claim," and where the operative facts for the new and existing claims remained the same. *Hurn v. Retirement Fund Trust of Plumbing, Heating and Piping Industry of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981). Here, because there are significant shortcomings in discovery presented by the proposed retaliation claim, the Court finds that leave to amend, or to supplement, would prejudice Defendant. This factor therefore weighs heavily against granting Plaintiffs' motion.

Although the Court finds no bad faith by Plaintiffs, and that the proposed new claim does not appear to be futile as pleaded, the Court concludes that prejudice to Defendants, and the nature and timing of Plaintiffs' motion weigh against allowing leave to amend. The Court did not contemplate a retaliation claim in its January 2010 Order permitting leave to amend. Plaintiffs' motion, filed a month and a half before the discovery cut-off, is more appropriately filed in a separate, new action, which is not precluded by denial of this motion. Accordingly, the Court will deny Plaintiffs' motion to amend.

## ORDER

**IT IS ORDERED THAT** Co-Plaintiff Dunstan-Hall & Associates is removed. In all other respects, Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 57) is **DENIED**.

DATED: August 23, 2011

_____
B. LYNN WINMILL
Chief U.S. District Court Judge