UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AFFILIATES, Inc.; HUMAN SERVICE CONNECTION, Inc.; H.A.S., Inc., ALTERNATIVE NURSING SERVICES, Inc.; A WAY THROUGH COUNSELING CENTER, Inc.; CENTRAL IDAHO AFFILIATES, Inc.; DUNSTAN HALL & ASSOCIATES, Inc.; PROVIDER AFFILIATE AGENCY, Inc.; ROBINSON & AFFILIATES, Inc.; SCOTT COMMUNITY CARE, PLLC; TOMORROW'S HOPE SATELLITE SERVICES, Inc.; WILLIAMS & URALDE, Inc., <br><br>    Plaintiffs,<br><br> v.<br><br>RICHARD ARMSTRONG and LESLIE CLEMENT, in their official capacities,<br><br>    Defendants. | Case No. 1:09-cv-00149-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant's Motion (Dkt. 74) to Vacate Preliminary

Injunction, filed October 19, 2011.  Defendant filed a Notice (Dkt. 75) of Non-Response

**MEMORANDUM DECISION AND ORDER - 1**

on December 7, 2011, noting Plaintiffs' failure to oppose or otherwise respond to Defendant's Motion.

The Ninth Circuit has held that a district court may properly grant a motion to dismiss pursuant to a local rule, for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Also, the local rules expressly provide that a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be deemed as a consent to the relief requested. D. Id. L. Civ. R. 7.1(e). Notably, Plaintiffs filed a timely response to Defendant's Motion to Vacate Preliminary Injunction in the related case – *Knapp et al. v. Armstrong* (Case No. 1:11-cv-00307-BLW), which the Court heard jointly with this matter, concerning motions for preliminary injunction. *See Resp.*, Dkt. 25 in 1:11-cv-00307-BLW. In the circumstances, the Court finds Plaintiffs' silence on Defendant's Motion to Vacate more meaningful than inadvertent. Nonetheless, the substance of Defendant's Motion is worthy of consideration.

The Court previously granted Plaintiff's Motion (Dkt. 61) to Amend Preliminary Injunction. *Order*, Dkt. 69. In its decision, the Court enjoined the IDHW from implementing its proposed contract with Community Partnerships of Idaho until the IDHW first received approval from CMS regarding the relevant waiver amendment. *Id.* at 19. In its Motion to Vacate the Preliminary Injunction, Defendant provides that CMS has approved the waiver amendment, as of October 17, 2011, and retroactively effective

to August 5, 2011.  *Mot.*, Dkt. 74-1 at 3-4.  In light of CMS's approval, the Court finds it appropriate to vacate the preliminary injunction.

## ORDER

**IT IS ORDERED THAT** Defendant's Motion to Vacate Preliminary Injunction (Dkt. 74) is GRANTED.  The Preliminary Injunction (Dkt. 69) is VACATED.

DATED: December 9, 2011

B. Lynn Winmill
Chief Judge
United States District Court